UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JOHN FRANKLIN § | | |
| Plaintiff § | | CIVIL ACTION NO |
| v. § | | |
| § | | 1:09-cv-00931 |
| BRYAN DOYLE and DWAYNE § | | |
| JOHNSON in their individual capacities, § | | JURY |
| JEFFERSON COUNTY, and G. MITCH § | | |
| WOODS, SHERIFF OF JEFFERSON § | | . |
| COUNTY, in his official capacity § | | |
| § | | |
| Defendants § | | |

## SECOND AMENDED JOINT PRETRIAL ORDER

Plaintiff John Franklin respectfully amends the Parties' Joint Pretrial Order, adding Officer Shawn Gallander to Plaintiff's "may call" witness list and to correct the sequential numbering in Plaintiff's exhibit list.

A. COUNSEL FOR THE PARTIES

    Plaintiff:    John Franklin    Brian McGiverin
                                                      Scott Medlock
                                                      James C. Harrington
                                                      Texas Civil Rights Project

                                                      W. Frank Newton

    Defendants:    Bryan Doyle    Mitch Templeton
                         Dwayne Johnson    Templeton & Brinkley

B. STATEMENT OF JURISDICTION

Jurisdiction in this case is based on 28 U.S.C. §1331. John Franklin brings this action under 42 U.S.C. §1983 to redress the deprivation under color of state law of rights, privileges, and immunities secured by the Constitution of the United States. Jurisdiction is not disputed.

C. NATURE OF ACTION

This is an excessive force case. John Franklin contends Bryan Doyle used excessive force upon him by tasering him 22 times without justification, and Defendant Johnson struck him hard in the throat twice, while he was strapped down to a backboard in the Jefferson County jail.

D.  CONTENTIONS OF THE PARTIES

Plaintiff

John Franklin is the plaintiff in this cause. He alleges he was tortured by officers with a taser in the Jefferson County jail. He alleges Defendant Doyle tasered him 22 times in less than 30 minutes, without justification. He alleges Defendant Johnson violently struck him in the throat while he was strapped to a backboard and helpless – a technique considered deadly force.

In November 2007, Mr. Franklin was arrested for misdemeanor public intoxication at a Nederland hotel. He had drugs in his system when he was arrested, but has never been accused or charged with any crime that evening but public intoxication. In fact, he has never been convicted of any violent crime.

After Mr. Franklin was arrested for public intoxication, he was taken to the Jefferson County jail in Beaumont. He was released from jail a few hours later on his own recognizance, without bail. All charges against him were dropped.

When Mr. Franklin was first brought to the jail, he was put into a cell. He was held for hours, waiting to be put through the formal "booking" process by officers. While he waited there in the cell, he became increasingly afraid and paranoid. So, when the officers finally opened the cell to take him to change into his jail clothes, he ran from them.

Two officers ran after Mr. Franklin and tackled him to the ground. Shortly afterwards, four other officers approached the group and, together with the original two officers, they handcuffed Mr. Franklin. One of those four, new officers was Defendant Doyle. Doyle tasered Mr. Franklin once before Mr. Franklin was handcuffed.

After Mr. Franklin was handcuffed and surrounded by six jail officers, he was no longer a threat to anyone else in the jail. Six men can easily use their raw strength to pin and control one man in handcuffs. While he was pinned to the ground and handcuffed, however, Defendant Doyle tasered him three more times.

Mr. Franklin was then taken to the nursing station, which was a small room in the jail. Four other officers came to the station, so that 10 officers were filling the room.

Defendant Doyle, instead physically restraining Mr. Franklin, chose to repeatedly taser him. Doyle tasered Mr. Franklin 6 times while other officers pinned him to the ground. He tasered Mr. Franklin even though he was not a threat to any of the officers. Doyle tasered Mr. Franklin because he was squirming in pain instead of lying flat.

The officers put leg irons on Mr. Franklin, and brought in a backboard to strap him to. While the 9 officers held Mr. Franklin down and tied the straps around him, Defendant Doyle tasered him 8 more times.

After that point, Mr. Franklin's arms and legs were strapped to the backboard. The

2

officers put him on a gurney to wheel him out.  After Mr. Franklin was strapped down and helpless, he was unable to hurt anyone.  But Defendant Doyle tasered him two more times, even though he did not believe Mr. Franklin posed any danger to others.

After the other officers strapped Mr. Franklin to the backboard, Defendant Johnson unjustifiably used deadly force on him by violently striking him twice in the throat, even though he did not believe Mr. Franklin could hurt anyone while he was strapped down.

Mr. Franklin was put into an ambulance and rushed to the hospital.  The jail officers released him without a bond and left him at the hospital.  They were gone when Mr. Franklin walked out.  Mr. Franklin was never prosecuted for his original public intoxication arrested.  He was never charged with committing any other crime from the events of that night.

Jefferson County Internal Affairs immediately investigated the incident. Defendants Doyle and Johnson were written up, and their cases were put before the Disciplinary Review Board.  The review board decided Doyle and Johnson used excessive force on Mr. Franklin, and that they should be fired.

Later, Sheriff Woods reviewed the facts of Doyle and Johnson's use of force on Mr. Franklin.  He decided it was excessive and unnecessary.  He fired them both for using excessive force.

Mr. Franklin alleges Defendants Doyle and Johnson violated his civil rights by using excessive force on him in the jail.

<u>Defendants Doyle and Johnson</u>

Plaintiff John Franklin was arrested after a violent confrontation with a hotel clerk in Nederland, Texas. He was restrained by civilians at the hotel before his arrest.

After his arrest and during his book in at the Jefferson County jail, Franklin bolted into the common areas of the jail where civilian employees were working.

Franklin resisted detention, violently and severely injuring one of the guards. He was punched multiple times by guards that are not party to this case. He was partially restrained and taken to the jail infirmary where his violent tirade continued. He flung himself to the floor, slamming his own head into the floor, desk, and wall of the small room where Jefferson County officers struggled to restrain him, as he kicked, thrashed, spit, and pretended to spit in the guards faces.

A taser was used to subdue Franklin. He gyrated between calmness and crazed violence. Even after being partially restrained and placed on a gurney, Franklin was non-compliant, refusing to allow guards to cuff his right hand. He swayed the gurney violently and did not stop until the taser was used again, and he was punched.

Most of these events are recorded on the jail's security cameras, and a detail of the taser use is logged. There is no way to establish or replicate the actual effectiveness of the taser due to Franklin's drug-induced state at the time of its use. All efforts utilized by the

officers were reasonable, necessary, and did not constitute excessive force.

Franklin was taken to Christus St. Elizabeth Hospital in Beaumont for treatment. Drug screens were positive for methamphetamines and Valium.

Franklin left Christus under his own power and against medical advice. He eventually called EMS and was transported to Memorial Hermann Baptist Hospital-Beaumont where he was treated and released.

Franklin was never prosecuted for his actions that night. When investigators for the Jefferson County District Attorney's office located him, he was serving time for unrelated charges in TDC. *Apparently, he was not prosecuted in the interest of judicial/prosecutorial economy.*[1]

Defendants, Doyle and Johnson, were dismissed after an incomplete and outcome oriented investigation. They were lied to by an Internal Affairs officer who suggested that if they contested the dismissal, they would be prosecuted. Despite not contesting the dismissal, they were subpoenaed by the Jefferson County Grand jury. The Grand Jury "no billed" the case against them.

Doyle, an 18 year veteran was terminated just a short time before his potential retirement. Johnson, whose wife also lost her job due to State cutbacks, was forced into personal bankruptcy. They have been punished already, and it would be unjust to heap more upon them.

Doyle and Johnson enjoy the protection of *qualified immunity*,[2] and the case against them should be dismissed as a matter of law.

E. STIPULATIONS AND UNCONTESTED FACTS

1. Plaintiff John Franklin arrived in the Jefferson County jail because he was arrested for public intoxication.

2. Mr. Franklin was never prosecuted for public intoxication that night.

3. Mr. Franklin was never prosecuted for anything that occurred within the jail that night.

4. When Defendant Doyle arrived in the breezeway with Officer Sellers and Davis and Mr. Franklin, he was accompanied by three other officers: Officers Johnson, Jones, and Bowman. Doyle was with a total of 5 other officers.

---

[1] Plaintiff objects to this sentence. Any rationale held by local prosecutors is speculative, as evinced by using the word "Apparently." No evidence whatsoever has been uncovered to suggest what prosecutors' motives might have been.

[2] Plaintiff objects to using the term "qualified immunity" in the Contentions of the Parties. It is a legal term, offered with no explanation – it will only serve to confuse the issues in the jury's mind. Defendant should be arguing about the underlying facts going into the determination – i.e., whether Defendants acted reasonably.

5. Mr. Franklin was handcuffed behind his back before the six officers escorted him out of breezeway.

6. Doyle tasered Mr. Franklin more than 20 times in 30 minutes while he was handcuffed, put in leg irons, and later strapped down to a backboard.

7. While Mr. Franklin was in the infirmary, there were 10-12 officers guarding him.

8. Sheriff Woods fired Doyle and Johnson for using excessive force on Mr. Franklin.

9. The Jefferson County Disciplinary Review Board concluded Defendants Doyle and Johnson used excessive force on Mr. Franklin.

F. CONTESTED ISSUES OF FACT AND LAW

1. Whether Defendant Doyle used excessive force upon Mr. Franklin.

2. Whether Defendant Johnson used excessive force upon Mr. Franklin.

3. The amount of compensatory damages owed to Mr. Franklin, and by which Defendant, and whether jointly or severally.

4. The amount of punitive damages to be assessed against Defendants Doyle and Johnson, individually.

G. LIST OF WITNESSES

Plaintiff Will Call:

1. John Franklin
2. Bryan Doyle
3. Dwayne Johnson
4. Mitch Woods
5. Danny Walker
6. Erik Boman
7. Roger Clark

Plaintiff May Call:

1. Officer Mike Hebert
2. Officer Brandon Palmer

3. Officer Santricia Renfro

4. Officer Raymond K. Sellers

5. Officer Cory Davis

6. Officer Jeannette Dotson

7. Officer Glen Holmes

8. Officer Kevin Wolf

9. Officer Shawn Gallandar

10. Morgan R. Brown

11. Monica Theriot

12. Dr. Edward Gripon

13. Betty Burton Hartman

14. Chad Hartman

15. Custodian of Medical Records of UTMB - Galveston

16. Custodian of Medical Records of Christus St. Elizabeth Hospital

17. Custodian of Medical Records of Memorial Hermann Baptist Hospital – Beaumont

18. Officer Shawn Gallander

Plaintiff May Present by Deposition Testimony:

1. Bryan Doyle Deposition (by page:line)

   | | | |
   |---|---|---|
   | 9:17-20 | 61:1-25 | 116:21-25 |
   | 11:8-18 | 68:8-14 | 119:11-120:2 |
   | 14:15-21 | 98:21–99:14 | 120:6-17 |
   | 23:15-20 | 103:6-24 | 121:21–122:2 |
   | 26:4-15 | 104:4-6 | 123:24–124:1 |
   | 29:12 –32:4 | 106:4-9 | 124:9-22 |

2. Dwayne Johnson Deposition (by page:line)

| | | |
|---|---|---|
| 10:21-25 | 13:15-25 | 44:19-21 |
| 11:1-3 | 33:5-11 | 45:15-17 |
| 12:1-17 | 33:21–32:10 | 49:14-16 |

3. Mitch Woods Deposition (by page:line)

| | | |
|---|---|---|
| 8:9-20 | 31:19–32:9 | 67:18 |
| 9:2-8 | 38:18–39:5 | 67:24–68:10 |
| 10:8-25 | 40:19–41:4 | 68:17–69:11 |
| 13:14-19 | 42:5-10 | 70:15-22 |
| 15:14–16:12 | 50:25–51:5 | 71:19-25 |
| 17:4-10 | 53:9–54:14 | 72:2-12 |
| 22:7-12 | 55:2-20 | 78:12–79:25 |
| 23:3-6 | 60:9-15 | 126:23–127:2 |
| 27:10-17 | 61:1-20 | |
| 31:10-14 | 66:16 | |

4. Danny Walker Deposition (by page:line)

| | | |
|---|---|---|
| 7:20-24 | 49:17–50:7 | 99:19–100:8 |
| 19:24–20:20 | 58:22–59:17 | 104:16-25 |
| 34:6-13 | 59:5-17 | 105:9–106:5 |
| 35:10-21 | 84:1-5 | 106:18–107:1 |
| 36:6 | 90:10-18 | 107:23 -108:6 |
| 36:8-12; 37:8-23 | 93:16-23 | 113:25–114:18 |
| 37:2-10 | 97:4-8 | 115:11–116:11 |
| 43:21–44:9 | 98:3-24 | |

5. Roger Clark Deposition (by page:line)

   8:3 – 12-16
   53:15-19
   65:21 – 73:13
   78:7-19
   80:4-18
   88:16 – 91:12
   97:10 – 101:2

Defendants Doyle and Johnson Will Call:

1. John Franklin

2. Bryan Doyle

3. Dwayne Johnson

Defendants Doyle and Johnson May Call:

1. Officer Mike Hebert

2. Officer Brandon Palmer

3. Officer Santricia Renfro

4. Officer Erik Bowman

5. Officer Raymond K. Sellers

6. Officer Cory Davis

7. Officer Jeannette Dotson

8. Officer Glen Holmes

9. Officer Kevin Wolf

10. Officer Shawn Gallandar

11. Sheriff G. Mitch Woods

12. Captain Danny Walker

13. Morgan R. Brown

14. Monica Theriot

15. Roger Clark

16. Dr. Edward Gripon

17. Betty Burton Hartman

18. Chad Hartman

19. Custodian of Medical Records of UTMB - Galveston

20. Custodian of Medical Records of Christus St. Elizabeth Hospital

21. Custodian of Medical Records of Memorial Hermann Baptist Hospital – Beaumont

22. Detective Tim Smith

23. Custodian of Medical Records of Jefferson County Sheriff's Office Infirmary Medical Records

Defendants Doyle and Johnson May Present by Deposition Testimony:

1. John Franklin Deposition (by page:line)

   4:l3-114: 6
   143:10-152:19

2. Officer Brandon Palmer Deposition (by page:line)

   29:3-72:12
   75:16-77:6

3. Deputy Erik Bowman (by page:line)

   22:16-58:6

4. Officer Jeannette Dotson (by page:line)

   70:24-131:16

5. Sheriff G. Mitch Woods (by page:line)

   85:7-129:12

6. Captain Danny Walker (by page:line)

   Volume 2
   117:3-143:21
   149:14-152:6

7. Roger Clark (by page:line)

   57:10-101:15
   104:22-107:4

H. LIST OF EXHIBITS

1. Plaintiff

   Trial Ex. 1   - *Franklin Video*

   Trial Ex. 2   - *Doyle Termination Letter*

   Trial Ex. 3   - *Johnson Termination Letter*

   Trial Ex. 4 - *Taser record: Tasered 22 times*

9

      Trial Ex. 5 - *Photo of the X26 Taser*

      Trial Ex. 6 - *Doyle Training Record*

      Trial Ex. 7 - *Johnson Training Record*

      Trial Exhibits 8-21 – *Slideshow of photos from inside the jail*

      Trial Ex. 22 – Robert Cole Video

      Trial Ex. 23 - Christus St. Elizabeth Hospital Medical Records (redacted)

      Trial Ex. 24 - Memorial Hermann Baptist Hospital-Beaumont Medical Records (redacted)

      Trial Ex. 25 - Jefferson County Sheriff's Office Infirmary Medical Records

2. Defendants Doyle and Johnson

      Trial Ex. 1 - *Franklin Video*

      Trial Ex. 2 - *Christus St. Elizabeth Hospital Medical Records (redacted)*

      Trial Ex. 3 - *Memorial Hermann Baptist Hospital-Beaumont Medical Records (redacted)*

      Trial Ex. 4 - *UTMB - Galveston Medical Records (redacted)*

      Trial Ex. 5 - *Nederland Police Department Records*

      Trial Ex. 6   Jefferson County Sheriff's Office Infirmary Medical Records

I. PENDING MOTIONS

1. Plaintiff's Motion to Limit Expert Testimony (Doc 55)
2. Plaintiff's Motion in Limine (Doc 82)
3. Defendants' Motion in Limine (Doc 83)

J. PROBABLE LENGTH OF TRIAL

5 days.

K. MANAGEMENT CONFERENCE LIMITATIONS

10

Not applicable.

L. CERTIFICATIONS

The undersigned counsel for the parties do hereby certify and acknowledge the following:

(1) Full and complete disclosure has been made in accordance with the Federal rules of Civil Procedure and the Court's orders;

(2) Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with and not altered by agreement or otherwise;

(3) Each exhibit in the List of Exhibits herein:
    (a) is in existence;
    (b) is numbered; and
    (c) has been disclosed and shown to opposing counsel.


Date: July 30, 2012

Approved as to form and substance:

| | |
|---|---|
| /s/ Brian McGiverin | /s/ Mitch Templeton (*with permission*) |
| Brian McGiverin | State Bar No. 19769500 |
| Texas Bar No. 24067760 | Chambers, Templeton & Brinkley |
| Scott Medlock | 2090 Broadway |
| Texas Bar No. 24044783 | Beaumont, Texas 77701 |
| James C. Harrington | Tel. 409-835-5800 |
| Texas Bar No. 09048500 | Fax 409-835-4978 |
| | |
| TEXAS CIVIL RIGHTS PROJECT | ATTORNEY FOR BRYAN DOYLE AND |
| 1405 Montopolis Dr. | DWAYNE JOHNSON |
| Austin, TX 78741 | |
| Tel. 512-474-5073 | |
| Fax 512-474-0726 | |

W. Frank Newton
Texas Bar No. 00000072
470 Orleans St Fl. 1
Beaumont, TX 77701-3000
Tel. 409-838-1812
Fax 409-813-1816

ATTORNEYS FOR JOHN FRANKLIN