UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JOHN FRANKLIN § | | |
| Plaintiff § | | CIVIL ACTION NO |
| v. § | | |
| § | | 1:09-cv-00931 |
| BRYAN DOYLE and DWAYNE § | | |
| JOHNSON in their individual capacities, § | | JURY |
| JEFFERSON COUNTY, and G. MITCH § | | |
| WOODS, SHERIFF OF JEFFERSON § | | . |
| COUNTY, in his official capacity § | | |
| § | | |
| Defendants § | | |

**PLAINTIFF'S TRIAL BRIEF ON EXCESSIVE FORCE**

The U.S. Supreme Court analyzed the "de minimis injury exception" to excessive force liability in *Wilkins v. Gaddy.* 130 S. Ct. 1175 (2010) (per curiam). It concluded a showing of injury is not essential to prove excessive force – injury is just one piece of evidence that the force was excessive.

THE APPLICABLE STANDARD LOOKS TO OFFICERS' MINDSET

The Fifth Circuit has held the standard for analyzing an excessive force claim is the same for a convicted prisoner invoking the Eighth Amendment "cruel and unusual" punishment clause and for a pretrial detainee invoking the Fourteenth Amendment "due process" clause. *Valencia v Wiggins,* 981 F. 2d 1440, 1447 (5th Cir. 1993).

The test has both a subjective and an objective component. The subjective component inquires into the state of mind of correctional officers. The relevant inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). A court may consider "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." *Whitley v Albers*, 475 US 312, 321 (1986) (internal citation omitted). A court may also consider the circumstances "as reasonably

perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response." *Id*

The objective component requires that the pain inflicted be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). What amounts to "sufficiently serious" is a "contextual" inquiry that is "responsive to contemporary standards of decency." *Hudson*, 503 U.S. at 8-9.

## NO REQUIREMENT FOR A "MORE THAN *DE MINIMIS*" INJURY

The Supreme Court revisited *Hudson* when it addressed the viability of the *de minimis* injury exception to excessive-force claims under the Eighth Amendment in *Wilkins v. Gaddy.* 130 S. Ct. 1175 (2010) (per curiam).

In that case, a district court, applying Fourth Circuit precedent, had ruled that a plaintiff's allegations of a bruised heel, back pains, and headaches were not more than *de minimis* injuries. The Supreme Court reversed. It concluded the "'core judicial inquiry'…[is] not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good faith effort to maintain and restore discipline, or and sadistically to cause harm.'" *Id*. at 1178.

The Court said that the inquiry focused on force, not injury, because an inmate does not lose his Eighth Amendment rights to be free from excessive force simply because he managed to "escape without serious injury". *Id*. at 1178-1179. To recognize a *de minimus* injury exception to Eighth Amendment excessive-force claims would be "improperly bypass[ing] this core inquiry." *Id* at 1178 (citing *Hudson,* 503 U.S. at 7).

The Court explained:

> Injury and force are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury.

*Id* at 1178-79.

Dated: August 1, 2012.

2

Respectfully submitted,

/s/ Brian McGiverin
Brian McGiverin
Texas Bar No. 24067760
Scott Medlock
Texas Bar No. 24044783
James C. Harrington
Texas Bar No. 09048500

TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, Texas 78741
Tel. (512) 474-5073
Fax (512) 474-0726

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case Files System of the Eastern District of Texas.

/s/ Brian McGiverin
Brian McGiverin