UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JOHN FRANKLIN § | | |
| § | | |
| Plaintiff § | | |
| v. § | | |
| § | | |
| BRYAN DOYLE and DWAYNE § | CIVIL ACTION NO. | |
| JOHNSON in their individual capacities, § | | |
| JEFFERSON COUNTY, and G. MITCH § | 1:09-cv-00931 | |
| WOODS, SHERIFF OF JEFFERSON § | | |
| COUNTY, in his official capacity, § | JURY | |
| § | | |
| Defendants § | | |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO
PLAINTIFF'S AMENDED OBJECTIONS TO DEFENDANTS' PROPOSED
WITNESSES, EXHIBITS, AND DEPOSITION EXCERPTS**

**Plaintiff's Objections 1, 2 and 3:**

Defendants may not use Mr. Franklin's arrest as evidence of his conduct in the jail. Federal Rule of Evidence 404(b) only permits introduction of past bad acts to prove state of mind, which is not relevant to Defendants' case. *See* Plaintiff's Trial Brief on Excessive Force (Doc. 101) (excessive force looks at officers' state of mind and the reasonable perception of victim's conduct).

**Plaintiff's Objections 4 and 5:**

Mr. Franklin's medical records, and the statements he made to his physicians, are not made admissible just because Defendants' expert Dr. Gripon used them to form an expert opinion. Fed. R. Evid. 703 ("if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect").

In fact, quite the opposite. Rule 703 permits experts to rely on testimony otherwise inadmissible for relevance, but not if the is evidence inadmissible under other rules of evidence:

> [F]acts, data, or opinions which would be inadmissible under, for example, Rules 404, 405, 608, 609 and facts, data, or opinions otherwise admissible in evidence which would be excluded under Rule 403, cannot form part of the bases of an expert's opinion under Rule 703. The adverse party may not be placed on the horns of the dilemma of being unable to require disclosure of facts, data, or opinions underlying the expert's opinion or inference on cross-examination without presenting facts, data, or opinions to the jury banned from jury consideration by virtue of other rules of evidence.
>
> If certain facts, data, or opinions are excluded from consideration by the expert, the expert may still render his opinion if an adequate basis nevertheless remains.

Handbook of Federal Evidence § 703:1 (7th ed).

Further, only Mr. Franklin's actions are relevant to Defendants' case, not the cause of his actions. *See supra*, Plaintiff's Trial Brief (Doc 101). His state of mind and any explanation for his actions are irrelevant to Defendants' case. *Id*.

Therefore, medical records indicating Mr. Franklin's drug use do not offer "probative value in helping the jury evaluate the [Dr. Gripon's] opinion [that] substantially outweighs their prejudicial effect"; instead, they are highly prejudicial as a tool to unjustly inflame the jury against Mr. Franklin, and they should be excluded. Fed. R. Evid. 703, 403.

**Plaintiff's Objection 6:**

Testimony about Mr. Franklin's 2011 hospitalization would be highly prejudicial, and would only serve to inflame the jury.

To the extend Defendants are justified in exploring Mr. Franklin's standard of living, physical and mental health, and wage-earning capacity as relevant factors for damages, they could very easily ask other questions that would elicit equally useful information without risking undue prejudice to Mr. Franklin. For example:

- Where do you live? Where did you live before the incident?
- Where do you work? Where did you work before the incident?
- Do you earn less money now than you did before the accident? Why?

2

Therefore, the more prejudicial nature of his hospital stay substantially outweighs any probative value it offers. Defendants should not be permitted to explore Mr. Franklin's 2011 hospitalization unless he opens the door himself by offering inconsistent testimony on the witness stand.

**Plaintiff's Objection 7:**

Mr. Franklin's invocation of the 5th Amendment only applied to events *after* the incident in this lawsuit. Therefore, they could only be offered to the jury to cast a shadow over his conduct *after* the incident.

To the extent his conduct after the incident is relevant to past and future damages, the same facts can be elicited with questions that are not unduly prejudicial (see above). Therefore, any reference to his invocation of the 5th Amendment is substantially more prejudicial than probative. Defendant should not be permitted to explore the issue unless Mr. Franklin opens the door with his testimony before the jury.

**Plaintiff's Objection 8, 9, 10**

1. <u>Mr. Franklin's credibility is not a significant issue because his case does not rely on it.</u>

Mr. Franklin's credibility is not a major issue in this case. The main issue for liability is his conduct in the jail during the incident. *See supra*, Plaintiff's Trial Brief (Doc 101). But Mr. Franklin candidly admits he does not remember much of the incident. Rather, the facts-at-issue regarding his actions have been established with officers' sworn statements, depositions, and stipulations, and the video recording of the incident.

Further, Mr. Franklin's understanding of the book-in process only goes to his state of mind, which is not relevant. *See supra*, Plaintiff's Trial Brief (Doc 101).

The only unique information offered by Mr. Franklin is the pain he felt from the taser, and even that is hardly a startling revelation. The painfulness of tasers can be confirmed by

3

expert testimony and Captain Walker's testimony, and it has been routinely acknowledged by courts. *See*, Plaintiff's Response to Doyle and Johnson's Motion for Summary Judgment, p. 4, n. 4 (Doc 68).

Diminishing Mr. Franklin's credibility would not, itself, be very fruitful for Defendant. However, evidence of his conviction will be quite likely to inflame the jury.

2. <u>Damages can be explored just as effectively with less prejudicial questions.</u>

As explained above, to the extent Mr. Franklin conviction after the incident is relevant to past and future damages, the same underlying facts can be elicited with questions that are not unduly prejudicial (see above). Therefore, any reference to the conviction is substantially more prejudicial than probative. Defendant should not be permitted to explore the issue unless Mr. Franklin opens the door with his testimony before the jury.

**Plaintiff's Objection 11:**

Defendants misunderstand this objection. It was directed to the form of the question, not the answer.

The question, "Was it a crime to injure Officer Davis by separating his shoulder?" assumes facts not in evidence.[1] It was flawed in form, and therefore the answer should be stricken.

Dated: August 1, 2012.

---

[1] In other words, a "loaded question," i.e. "the rhetorical trick of asking a question that cannot be answered without admitting a presupposition that may be false, as *have you stopped beating your wife?*" The Free Dictionary, http://www.thefreedictionary.com/Loaded+question (last accessed July 31, 2012).

Respectfully submitted,

/s/ Brian McGiverin
Brian McGiverin
Texas Bar No. 24067760
Scott Medlock
Texas Bar No. 24044783
James C. Harrington
Texas Bar No. 09048500

TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, Texas 78741
Tel. (512) 474-5073
Fax (512) 474-0726

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case Files System of the Eastern District of Texas.

/s/ Brian McGiverin
Brian McGiverin